ACCEPTED
01-14-00579-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/25/2015 10:05:28 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-14-00579-CR

## IN THE COURT OF APPEALS
## FOR THE FIRST DISTRICT OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/25/2015 10:05:28 PM
CHRISTOPHER A. PRINE
Clerk

## MAYRA FLORES
*Appellant*

## V.

## THE STATE OF TEXAS
*Appellee*

On Appeal from Cause Number 1280239
339th District Court, Harris County, Texas
Honorable Maria T. Jackson, Judge Presiding

## APPELLANT'S MOTION FOR REHEARING
## OF THE COURT'S JUNE 11, 2015 JUDGMENT

**ORAL ARGUMENT REQUESTED**

Ralphaell V. Wilkins
State Bar No. 21487600
Julia A. Maldonado
State Bar No. 24007591
4606 San Jacinto St.
Houston, Texas 77004
Tel: 713-660-9200; Fax: 713-660-0559
E-mail: rwilkins@jmaldonadolaw.com

Counsel for Appellant

i

# IDENTITY OF PARTIES AND COUNSEL

Appellant:

Mayra Flores
TDCJ#1921088
Texas Department of Criminal Justice
Crain Unit
1401 State School Rd.
Gatesville, TX 76599

Trial Prosecutor(s):

Joshua Phanco
State Bar No: 24070413
Donna Logan
State Bar No: 24049073
1201 Franklin
Houston, Texas 77002
Tel: 713-755-5800

Counsel(s):

Ralphaell V. Wilkins
State Bar No. 21487600
Julia A. Maldonado
State Bar No. 24007591
4606 San Jacinto Street
Houston, Texas 77004
Tel: 713-660-9200; Fax: 713-660-0559
Email: rwilkins@jmaldonadolaw.com

Presiding Judge:

Hon., Maria T. Jackson
339th District Court
Harris County, TX
1201 Franklin, 14th Floor
Houston, Texas 77002

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL     ii

TABLE OF CONTENTS     iii

INDEX OF AUTHORITIES     iv

INTRODUCTION     1

THE COURTS ERROR     1

   a. This Court got the sequence of the recordings wrong.     1

   b. Mayra's objection to the audio recording was not related to the cutting off between the first recording and the second recording.     1

   c. The trial judge knew before her ruling on admissibility of the recording that the police subjected Mayra to twenty minutes of unrecorded custodial interrogation.     3

   d. This Court did an apples to oranges comparison to conclude that the audio tape's overall reliability was not impacted by the cut-off.     5

PRAYER     7

CERTIFICATE OF SERVICE     8

CERTIFICATE OF COMPLIANCE     9

# INDEX OF AUTHORITIES

*Cases*

*Maldonado vs. State,* 998 S.W.2d 239, 244-46 (Tex. Crim. App. 1999)     5, 6

*Quinones v. State,* 592 S.W.2d 933, 942 (Tex. Crim. App. 1980)     5, 6

*Rules*

Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon Supp. 2014)     5

TO THE HONORABLE JUSTICES OF SAID COURT:

## I. INTRODUCTION

The appellant, Mayra Flores, brings this motion for rehearing and asks this Court to revisit its Opinion of June 11, 2015. Mayra urges this Court to carefully examine the points raised in this motion because the very foundation of this Court's Opinion rests solely upon a complete misunderstanding of the record.

## 11. THE COURT'S ERROR

### a. This Court got the sequence of the recordings wrong.

This Court got it totally wrong! In its June 11, 2015 Opinion, this Court grossly erred in understanding Mayra's objection to the audio recording of her alleged statement. In its Opinion, this Court said:

> At trial, Appellant sought to suppress the admission of the two audio recordings, claiming the recording device cutting off between the first and second recording prevented the State from establishing the admissibility requirements for both recordings.

(Opinion at 2).

### b. Mayra's objection to the audio recording was not related to the cutting off between the first recording and the second recording.

This Court's version of Mayra's complaint is wrong because Mayra's objection to the audio recording had absolutely nothing to do with the insignificant gap or cutting-off between the first and second recordings. (RR. V, p. 89; lines 1-6). On the contrary, Mayra's motion to suppress centered solely on the fact that

1

the recording device failed **during the second recorded segment** and the police continued to question her for an additional twenty minutes, which was not recorded. (RR. V, p. 85). [1]Mayra's counsel explained his objections to the tape as follows:

> **Defense Counsel**:
> So, we have a section or segment of her statement that the jury will not hear; because either advertent or inadvertent, it was destroyed or is missing. So what would happen is if you offer the statement, you would only be offering a part of her statement.

(RR. V. p.85; lines 3-8).

But Mayra's counsel was not alone in his understanding that the recorder stopped recording during the second recording and that the police continued to question Mayra for an extended period of time, unrecorded. The State's attorney also expressed the same view. Look at what the State's attorney was forced to concede:

> **Prosecutor**:
> **At the end of the second statement,** if you will, if you want to say it's two different statements, although it's one, the video – or the audio shuts down and it cuts off, and that's the end. **And if you talk to the officer, the officer will tell you, I believe that we continued to speak more, but the video recording was so bad that we just didn't start back up.** So there is no part of the defendant's statement that exists that's not going to be played. **There**

---

[1] This Court's failure to understand Mayra's objection was likely caused by the fact that there are two places during the custodial interrogation that the recording device shuts off. The first shut off occurs after 36 minutes of interrogation. About 20 minutes after that, the interrogation resumes. The second recorded interrogation lasted for another 53 minutes before the device stopped again. (Opinion, p.2). However, after the second shut-off, the police continued to interrogate Mayra for another unrecorded 20 minutes. This Court was likely confused by the fact that the shut-off between the first segment and the second segment is 20 minutes and the unrecorded interrogation that occurred after the second shut-off was also for 20 minutes.(RR. V; p. 87, line 10-12).

**is some statements that she made that were not recorded, therefore, not admissible.**

(RR. V, p. 87; lines 14-24).

Additionally, later on, the State's attorney went on to reemphasize exactly where the unrecorded portion of Mayra's statement was located:

<u>**Prosecutor:**</u>
And the statutory warnings are repeated at the start of the second recording, if you will. **Now the second recording stops, as well; but they don't pick up from that point in time. They just leave it as it is.**

(RR. V, p. 89; lines 13-17).

<u>**Prosecutor:**</u>
The entire statement that is in the possession of the State is going to come into the trial. **And we are not going to ask any questions about anything that was said off the tape, only the things that were recorded.**

(RR. V, pp. 89-90).

Finally, the State even admitted that the police questioned Mayra for twenty minutes and none of that portion of her statement was recorded.

<u>**Prosecutor:**</u>
I'm not going to say, **what did she say in that twenty minutes before you found out that the tape was shut down?**

(RR. V; p. 87; lines 10-12).

> **c. The trial judge knew before her ruling on admissibility of the recording that the police subjected Mayra to twenty minutes of unrecorded custodial interrogation.**

Additionally, because this Court did not understand that the police continued to question Mayra for some twenty minutes **after the second recording shut**

3

**down,** its analysis of what evidence was before the trial judge when she made her ruling on the admissibility of Mayra's "statement" is woefully incorrect. According to the Opinion, which (erroneously) focused only on the period between the first and second recordings, this Court said Officer Kuhlman read Mayra her statutory warnings again, and picked right up on the subject that they had "left off" when the first recording stopped. (Opinion, p. 5). Furthermore, the Opinion continued with this flawed reasoning and equally flawed conclusion, based on its misconception of how the taping sequence actually flowed. The Court said:

> The evidence in the record at the time of the trial court's ruling established that the tape stopped recording on accident, that the parties stopped talking after the recording stopped, and that the parties were discussing incidental matters at the time the recording stopped. We hold this does not undermine the reliability of the recording.

(Opinion, pp. 6-7).

In actuality, the trial judge had evidence given to her by both the State and Mayra's counsel that the recording device failed during the second recording and the police continued to interrogate Mayra for about twenty more minutes, all of which were not recorded. (RR. V, p. 87; lines 14-24; RR. V, p. 89; lines 13-17; RR. V, pp. 89-90; RR. V; p. 87; lines 10-12). In spite of having the evidence that a large portion of Mayra's custodial interrogation was not recorded as mandated by art. 38.22 of the Texas Code of Criminal Procedure, the trial judge admitted the audio recording (over Mayra's objections) anyway. (RR. V; pp. 90-91).

4

As this Court correctly noted on page four of its Opinion, Section three of art. 38.22 establishes certain requirements for the admissibility of the recording of a custodial interrogation. *See* Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon Supp. 2014). One of the requirements is "the recording device was capable of making an accurate recording, the operator was competent, and the recording is accurate and has not been altered." *Id.* art. 38.22, § 3(a)(3). It is well beyond dispute that the recording device used in this case was not capable of making an accurate recording since it failed to record a full twenty minutes of Mayra being interrogated. (RR. V; p. 87; lines 10-12; RR. V; p. 89; lines 13-17). It stretches credulity to the maximum length to accept as factual that a recording device that fails to record twenty minutes of a person's statement is capable of making an accurate recording. In fact, it is nonsensical to say, as in our case, that a tape recorder that shuts down through mechanical failure and never resumes, is capable of making an accurate recording.

### d. This Court did an apples to oranges comparison to conclude that the audio tape's overall reliability was not impacted by the cut-off.

Moreover, in an attempt to illustrate that the overall reliability of the audio recording in Mayra's case was not impacted by the recording device's cutting off, this Court cites two cases in which the combined defects in the audio recordings of those cases amounted to a mere nineteen (19) seconds. (Opinion, pp. 5-6). In *Quinones v. State,* 592 S.W.2d 933, 942 (Tex. Crim. App. 1980), "the tape had

5

been altered by [a] **fifteen second tapeover.**" *Id.* In *Maldonado vs. State,* 998 S.W.2d 239, 244-46 (Tex. Crim. App. 1999), the defendant complained of a **three-second and a one-second portion** of his statement that had been "over-recorded." *Id.* at 244. In essence, this Court compared the loss of twenty-minutes of Mayra's interrogation with the nineteen (19) seconds of lost audio recordings in *Quinones* and *Maldonado.* It is true that anomalies of such short durations as pointed out in those two cases certainly did not affect the overall reliability and trustworthiness of the tapes. However, it would be the height of insanity to conclude that the overall reliability of Mayra's tape with its twenty minutes of missing interrogation is somehow comparable with the less than *twenty seconds* of defects found in *Quinones* and *Maldonado.* Without question, a twenty minute anomaly affects the overall reliability of the recording.

In light of the unquestionable error this Court made in failing to understand the sequence of the audio recording and Mayra's objection to its admissibility, a rehearing of this appeal is needed and requested. As it now stands, this Court's Opinion is based on: 1) a flawed understanding of the record; 2) a flawed analysis of the record; 3) a flawed application of the law; and 4) an erroneous conclusion resulting in a wrong judgment. Mayra asks that this Court grant this rehearing, that this Court withdraw its Opinion of June 11, 2015, and issues a new opinion reversing the judgment and remanding this case for trial.

6

WHEREFORE, PREMISES CONSIDERED, Mayra Flores prays that this Court grant this rehearing and issue a new opinion and judgment that reverses the trial court's judgment and orders a new trial.

Respectfully submitted,

**THE WILKINS LAW FIRM, P. C.**
4606 San Jacinto St.
Houston, Texas 77004
Telephone: (713) 660-9200
Telecopier: (713) 550-0559
rwilkins@jmaldonadolaw.com

By: */s/ Ralphaell V. Wilkins*
    Ralphaell V. Wilkins
    SBN: 21487600

**ATTORNEY FOR APPELLANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been sent certified return requested mail, this 25th of June 2015, to the following counsel of record:


Dan McCrory, Esq.
Devon Anderson, Esq.
Harris County District Attorney's Office
1201 Franklin Street
Houston, Texas 77002

Hon. Maria T. Jackson
339th District Court
Harris County, TX
1201 Franklin, 14th Floor
Houston, Texas 77002

*/s/ Ralphaell V. Wilkins*
Ralphaell V. Wilkins

## CERTIFICATE OF COMPLIANCE

Pursuant to proposed Rule 9.4(i)(3), undersigned counsel certifies that this brief complies with the type-volume limitations of *Tex. R. App. Proc. 9.4(e)(i)*.

1.      Exclusive of the portions exempted by *Tex. R. App. Proc. 9.4(e)(i)*, this brief contains 6,353words printed in a proportionally spaced typeface.

2.      This brief is printed in a proportionally spaced, serif typeface using Times New Roman 14 point font in text and Times New Roman 12 point font in footnotes produced by Microsoft Word Software.

3.      Upon request, undersigned counsel will provide an electronic version of this brief and/or copy of the word printout to the Court.

4.      Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in *Tex. R. App. Proc. 9.4(j)*, may result in the Court's striking this brief and imposing sanctions against the person who signed it.

_____*/s/ Ralphaell V. Wilkins*_____
Ralphaell V. Wilkins

9